**Robert GANT; et al., Plaintiffs–
Appellants,**

v.

**Roger VANDERPOOL, Sheriff of Pinal
County; et al., Defendants–
Appellees.**

**No. 08–16043.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2009.

Filed Oct. 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Eric Chester Awerkamp, Eric Awerkamp, P.C., Robert Miles Gregory, Law Office of Robert M. Gregory, P.C., Mesa, AZ, for Plaintiffs–Appellants.

Georgia Ann Staton, Esquire, Eileen Dennis Gilbride, Esquire, Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendants–Appellees.

Before: GOODWIN and RYMER, Circuit Judges, and WU,* District Judge.

### MEMORANDUM **

■ Robert Gant and his wife appeal from a jury verdict in their § 1983 and Title VII action alleging that Gant was terminated improperly from his position as an officer with the Pinal County Sheriff's Office (PCSO). Gant contends that defendants discriminated against him on the basis of his race and age when they failed to promote him and then fired him. Defendants assert that Gant was not qualified to be promoted and was fired because he lied about having worked on Thanksgiving Day. Gant assigns error to the district court's denial of his motion for judgment as a matter of law, or in the alternative, for a new trial. Gant's failure to move for judgment as a matter of law before the case was submitted to the jury, however, precludes consideration of his renewed motion for judgment as a matter of law. *See* Fed.R.Civ.P. 50(b); *Tortu v. Las Vegas Metro. Police Dep't,* 556 F.3d 1075, 1081–82 (9th Cir.2009). We review the district court's denial of a motion for a new trial for abuse of discretion, *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1040 (9th Cir.2003), and we affirm.

■ The jury's exposure to Trial Exhibit 45 does not warrant a new trial. Gant argues that contradictory information in a different document shows that Trial Exhibit 45 contains false information. That document, however, is not part of the record, and Gant fails to show that "unusual circumstances" warrant an exception to the rule that we consider only the district court record on appeal. *See Lowry v. Barnhart,* 329 F.3d 1019, 1024–25 (9th Cir. 2003). Nor does it qualify as "newly discovered evidence," because Gant could have obtained it sooner. *See Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 998 (9th Cir.2001).

■ The jury's exposure to a PCSO report in Exhibits 115 and 118 concluding that Gant was AWOL on Thanksgiving Day similarly does not warrant a new trial. Gant never objected to admission of either

---

* The Honorable George H. Wu, District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

exhibit and thus waived his argument here. *See* Fed.R.Evid. 103(a); *Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1066 (9th Cir. 1996). Moreover, evidence in the record supports the AWOL determination.

■ Nor does the jury's exposure to testimony indicating that Gant was fired because he lied about working on Thanksgiving Day, or defendants' reference to that testimony during closing arguments, warrant a new trial. Gant did not object to the testimony, and defendants' reference to it during closing arguments did not disregard any prior ruling by the district court. Further, the witness's belief that Gant was deceptive was relevant to defendants' theory that Gant was fired for non-discriminatory reasons.

■ Finally, admission of the polygraph report into evidence does not warrant a new trial. Gant failed to object to its admission, and the report was relevant to defendants' theory that Gant was fired for non-discriminatory reasons.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.